IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| 1. KIMYATTA BILLINGSLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIV-13-777-HE |
| | ) | |
| 1. THE STATE OF OKLAHOMA | ) | |
| ex rel DEPARTMENT OF HUMAN | ) | |
| SERVICES, and | ) | |
| 2. LINDA VOTH, in her individual | ) | |
| capacity as District Director, | ) | |
| | ) | Jury Trial Demanded |
| Defendants. | ) | Attorney Lien Claimed |

## COMPLAINT

**COMES NOW THE PLAINTIFF**, Kimyatta Billingsley, and for her causes of action against the Defendants would herein allege and state as follows:

### PARTIES

1. The Plaintiff is Kimyatta Billingsley, an African American adult female residing in Oklahoma County, Oklahoma;

2. The Defendants are:

    a) The State of Oklahoma ex rel Department of Human Services ("DHS"), and entity doing business in Oklahoma County, Oklahoma; and

    b) Linda Voth, a Caucasian female, in her individual capacity as District Director.

### JURISDICTION AND VENUE

3. This is a cause of action arising out of Plaintiff's employment with Defendant and is based on the following claims: (1) violation of Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981 in the form of race discrimination and retaliation; (2) violation of Title VII of the Civil Rights Act of 1964 in the form of retaliation for opposing

1

discriminatory practices in the workplace and filing a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"); (3) violation of the Oklahoma Anti-Discrimination Act in the form of age discrimination and retaliation; (4) violation of Plaintiff's Fourteenth Amendment constitutional right to equal protection of the laws made actionable by 42 U.S.C. § 1983; and (5) violation of Plaintiff's right to free speech under the First Amendment made actionable by 42 U.S.C. § 1983.

4.     Jurisdiction is vested in this Court pursuant to 28 U.S.C. § 1331.  This Court has supplemental jurisdiction over Plaintiff's state law claims as they arise out of the same core of operative facts pursuant to 28 U.S.C. § 1367(a).

5.     Plaintiff has exhausted her administrative remedies as to the above-listed claims by filing timely Charges of Discrimination with the EEOC.  Plaintiff filed an EEOC Charge on or about January 16, 2013.  Her Notice of Right to Sue is dated April 30, 2013 and was received by Plaintiff thereafter.  Plaintiff timely filed this Complaint within ninety (90) days of receipt of that initial Right to Sue.  On or about July 9, 2013, Plaintiff filed a Charge of Discrimination.  This particular Charge is currently pending.

6.     On or about February 1, 2013, Plaintiff filed a complaint with the Oklahoma Office of Civil Rights Enforcement ("OCRE").  The OCRE issued a Notice of Right to Sue dated June 11, 2013, and Plaintiff received such notice thereafter.  This Complaint is timely filed within ninety (90) days of Plaintiff's receipt of such notice.  On or about July 9, 2013, Plaintiff filed another complaint with the OCRE.  This complaint is currently pending.

7.     Plaintiff also issued a Notice of Governmental Tort Claim on or about July 9, 2013.  Such notice is currently pending.

8.     The Defendants are located in Oklahoma County and can be served in such county.  All acts complained of occurred in Oklahoma County.  Oklahoma County is located

within the Western District for the United States District Courts of Oklahoma, wherefore, venue is proper in this Court under 28 U.S.C. § 1391(b).

## STATEMENT OF FACTS

9.    Plaintiff, who is a Black female, was born in 1971, making her over forty (40) years of age at all times relevant. Plaintiff began her employment with DHS as a Clerk II in or around November 1990. Since in or around April 2007, Plaintiff has held an Administrative Technician III position. Throughout her tenure, she has been consistently recognized as a satisfactory (or better) employee.

10.    However, on or about November 30, 2012, Plaintiff applied for one of nine (9) available Administrative Assistant II positions. On or about January 11, 2013, Plaintiff was notified of the denial of the promotions by email from Christy Cloutier, a White female. The email stated that many qualified candidates applied, but Plaintiff was given no further explanation as to why she was not selected for the position.

11.    The nine (9) employees selected for the promotion had significantly less experience and qualifications than Plaintiff. None of the selected candidates had been employed with DHS as long as Billingsley. In fact, the selected candidates were all employed with DHS less than seven (7) years. Upon information and belief, a majority of the selected candidates are White, and all but one (1) were significantly younger than Billingsley. In fact, one of the selected candidates was a White male who was previously promoted twice. He received his first promotion after his first year of employment and the next promotion after fourteen (14) months of employment.

12.    In addition, two other Black females were not selected for one of the available Administrative Assistant II positions. Both individuals are over the age of forty (40) and had more seniority and experience than the selected candidates.

13. Defendant Voth was the decision-maker regarding the candidates selected for four (4) of the nine (9) Administrative Assistant II positions.

14. Plaintiff filed with the Equal Employment Opportunity Commission ("EEOC") on or about January 16, 2013 alleging race discrimination. Plaintiff filed with the Office of Civil Rights Enforcement ("OCRE") on or about February 1, 2013 for race discrimination.

15. Plaintiff has suffered retaliation for her filings with the EEOC and OCRE. For instance, she is now required to submit a mileage log for work-related errands and her mileage payments have been delayed for up to one (1) month. Plaintiff has held the same position for the last six (6) years and has not been required to submit such a log. And, no other employee in her group is required to submit such a log. Thus, Plaintiff asked her supervisor, Demetrius Bell, why she was required to submit such a log. Mr. Bell indicated that he had been told to do so to confirm that Plaintiff was being truthful regarding her errands. And, in addition to submitting a mileage log, Plaintiff was also required to email her supervisor when she left and returned from work-related errands. Mr. Bell acknowledged no other employee was required to do this.

16. Plaintiff asked Bell why she was being treated in this manner now, as Bell had been her supervisor since in or around 2009 and had not treated Plaintiff this way. Bell stated that he had been told to do so, but would not elaborate on the subject. Upon information and belief, Defendant Voth (who was Mr. Bell's immediate supervisor) instructed Mr. Bell to treat Plaintiff in this manner.

17. On or about June 5, 2013, Plaintiff met with Mr. Bell and Defendant Voth because she had not been paid for three (3) weeks of mileage. Other employees had already been paid their mileage. Previously, Plaintiff received approval for her mileage within a week of submitting it. Thus, Plaintiff told Ms. Voth that she felt she was being singled out

4

and that she wanted to be treated like everyone else.  However, Plaintiff is still required to submit a log showing each location she visits during her errands. Mr. Bell then does a search to determine if Plaintiff's miles are correct.  Mr. Bell does not do this for any other employee.

18.     As a direct and proximate result of Defendants' actions, Plaintiff has suffered injuries described hereafter.

## COUNT I - 42 U.S.C. § 1981

For her first cause of action, Plaintiff incorporates all prior allegations and further alleges and states as follows:

19.     This count goes against Defendant Voth.

20.     The matters alleged above constitute violations of 42 U.S.C. § 1981 in the nature of race discrimination and retaliation.

21.     As damages, Plaintiff has suffered lost earnings, past and future, and emotional distress.

22.     Because the actions of the individual Defendants were willful, wanton or, at the least, in reckless disregard of Plaintiff's rights, Plaintiff is entitled to punitive damages as provided by the Civil Rights Act of 1991 and by 42 U.S.C. §1981.

## COUNT II - Title VII (Race)

For her second cause of action, Plaintiff incorporates all prior allegations and further alleges and states as follows:

23.     This count goes against Defendant DHS only.

24.     The matters alleged above constitute violations of Title VII of the Civil Rights Act of 1964, in the nature of race discrimination and retaliation.

25.     As damages, Plaintiff has suffered lost earnings, past and future, emotional distress and other equitable and compensatory damages allowed by the Civil Rights Act of

1991.

### COUNT III - Title VII (Retaliation)

For her third cause of action, Plaintiff incorporates all prior allegations and further alleges and states as follows:

26.  This count goes against Defendant DHS only.

27.  The matters alleged above constitute a violation of Title VII of the Civil Rights Act of 1964 for retaliating against Plaintiff for opposing discriminatory practices within the workplace, i.e., the non-promotion of Plaintiff and other Black employees.

28.  As damages, Plaintiff has suffered lost earnings, past and future, emotional distress and other equitable and compensatory damages allowed by the Civil Rights Act of 1991.

### COUNT IV - 42 U.S.C. § 1983 (Equal Protection)

For her fourth cause of action, Plaintiff incorporates all prior allegations and further alleges and states as follows:

29.  This count goes against Defendant Voth.

30.  The Defendant was acting under the color of her authority in a manner which deprived Plaintiff of her constitutional right to equal protection. Such actions are in violation of Plaintiff's Fourteenth Amendment rights which were clearly established at the time of the actions in question. Therefore, the Defendant is liable for the actions taken in violation of such rights in accordance with 42 U.S.C. §1983.

31.  The actions listed above have caused a physical, mental and emotional injury to the Plaintiffs in an amount to be determined by the jury.

32.  To the extent that the actions of any individual Defendants are deemed willful or deliberately indifferent, then punitive damages are available, and should be assessed

against each such person.

## COUNT V - Age

For her fifth cause of action, Plaintiff incorporates all prior allegations and further alleges and states as follows.

33. This count goes against Defendant DHS only.

34. The matters alleged above constitute violations of the Oklahoma Anti-Discrimination Act in the form of age discrimination.

35. Plaintiff is entitled to relief under the OADA because, at all times relevant to this action, she was over the age of forty (40), was satisfactorily performing her job, she was passed over for promotion in favor of significantly younger individuals and she was treated less favorably that similarly situated, younger employees.

36. As damages, Plaintiff has suffered lost earnings, past and future, and other equitable and compensatory damages allowed by the OADA, including attorneys fees and costs. Plaintiff is also entitled to liquidated damages based upon Defendants' willful conduct.

## COUNT VI - First Amendment Violation

For her sixth cause of action, Plaintiff incorporates all prior allegations and further allege and state as follows:

37. The count goes against Defendant Voth.

38. The individual Defendant was acting under the color of her authority in a manner which deprived Plaintiff of her constitutional right to the freedom of speech.

39. The matters alleged above were in violation of Plaintiff's First Amendment right to the freedom of speech which was clearly established at the time of the actions in question. Plaintiff's comments as stated herein constitute protected comments on matters of

public concern as Plaintiff complained about the race discrimination she and other Black candidates experienced when applying for positions within DHS. The actions of the Defendants were in deliberate indifference to the constitutional rights of Plaintiff. Therefore, the Defendants are liable for the actions taken in violation of such rights in accordance with 42 U.S.C. §1983.

40.     The matters alleged above represent violations of Plaintiff's rights under the First Amendment which have caused a physical, mental and emotional injury to Plaintiff in an amount to be determined by the jury.

41.     Because the actions of the individual Defendant were willful, wanton or, at the least, in reckless disregard of Plaintiff's rights, Plaintiff is entitled to punitive damages.

## PRAYER

**WHEREFORE THE PLAINTIFF** prays that this Court enter judgment in favor of the Plaintiff and against the Defendants and award actual damages, compensatory damages, punitive damages against the individual, together with any appropriate equitable relief, pre- and post-judgment interest, costs and attorney's fees.

**RESPECTFULLY SUBMITTED THIS 26th DAY OF JULY, 2013.**

s/Jana B. Leonard
**JANA B. LEONARD, OBA# 17844
SHANNON C. HAUPT, OBA # 18922
LAUREN W. JOHNSTON, OBA # 22341
LEONARD & ASSOCIATES, P.L.L.C.
8265 S. Walker
Oklahoma City, OK 73139
(405) 239-3800      (telephone)
(405) 239-3801      (facsimile)**

**JURY TRIAL DEMANDED
ATTORNEY LIEN CLAIMED**