# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| HELENE MYLES, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. CIV-13-676-D |
| THE STATE OF OKLAHOMA, ex rel. DEPARTMENT OF HUMAN SERVICES, et al., | ) ) ) ) |
| Defendants. | ) ) |

## ORDER

Before the Court is the parties' Joint Motion to Consolidate for Discovery Purposes [Doc. No. 40]. Pursuant to Rule 42(a) of the Federal Rules of Civil Procedure, the parties seek to consolidate with this action, for purposes of pretrial discovery only, the following actions currently pending in this judicial district: *Billingsley v. State of Oklahoma, ex rel. Department of Human Services*, Case No. CIV-13-777-HE; and *Reed v. State of Oklahoma, ex rel. Department of Human Services*, Case No. CIV-13-881-W.

Rule 42(a) provides for consolidation where actions involve "a common question of law or fact." The Court has broad discretion in determining whether consolidation is proper. *Shump v. Balka*, 574 F.2d 1341, 1344 (10th Cir. 1978).

In support of the request for consolidation, the parties state that the "cases share common issues of fact and law although there are some differences in the factual allegations by the individual Plaintiffs." The parties offer no further explanation of those factual allegations, do not identify the nature of the claims alleged in each of the actions, or discuss the procedural posture of the respective actions. The parties seek consolidation for "efficiency" and contend that consolidation will allow only one deposition of each witness. But the parties do not identify

the common witnesses to be deposed. The parties also state that consolidation "will permit sequenced completion of cooperative document production and e-discovery (including emails) in a manner consistent with Sedona Conference principles." Again, the parties do not elaborate.

The Court has reviewed the Amended Complaints in each of the actions. The Court has also reviewed recent orders entered in this case and Case No. CIV-13-881-W, granting, in part, Defendants' motions to dismiss. In addition, the Court notes that a Scheduling Order has been entered in Case No. CIV-13-777-HE, while no similar orders have been entered in the other two actions. Although the claims at issue in the respective actions involve similar occurrences of alleged retaliatory employment actions, the respective actions involve different personnel employed by the Oklahoma Department of Human Services and different factual circumstances. And, as noted, the cases are currently in different procedural stages from one another.

Primarily, the parties cite as grounds for consolidation the ability to prevent duplicative depositions, without any specific information as to the number of witnesses who would overlap in the respective cases. The parties can agree among themselves to proceed in cooperative fashion regarding depositions and avoiding duplicative efforts without the need for consolidation of this action. Although the Court values the goals to be achieved through consolidation as sated by the parties, based on the cursory grounds upon which consolidation is sought, the Court finds the parties request should be DENIED at this time.

This Order shall be filed in Case Nos. CIV-13-676-D, CIV-13-777-HE, and CIV-13-881-W.

IT IS SO ORDERED this 20th day of May, 2014.

_____
TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE